## Henry A. Klein, Appellee, v. Fred C. Stubbe, Appellant.

### Gen. No. 5,916.

1. CHATTEL MORTGAGES, § 7*—*transactions in nature of.* If a bill
of sale and contract are in the nature of a chattel mortgage they
will be so considered.

2. EVIDENCE, § 339*—*when parol evidence rule inapplicable.* The
rule excluding parol evidence to vary a written instrument has no
application where a stranger to the instrument seeks to show that it
does not express the full and true character of a transaction; and
where a stranger is thus free to vary or contradict a written instru-
ment, his adversary, although a party to it, is free to do likewise.

3. CHATTEL MORTGAGES, § 202*—*when mortgagee not liable for
debts of mortgagor.* Where a chattel mortgagee, holding a bill of
sale and contract in the nature of a mortgage, takes over a mort-
gagor's property and business, he does not become liable for the
mortgagor's debts, although the mortgage may have been ineffective,
because of lack of possession, as against a judgment creditor of the
mortgagor.

Appeal from the City Court of Sterling; the Hon. HENRY C. WARD,
Judge, presiding. Heard in this court at the April term, 1914.
Reversed with finding of facts. Opinion filed July 31, 1914. Rehear-
ing denied October 8, 1914.

J. J. LUDENS, for appellant.

CHARLES H. WOODBURN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

MR. JUSTICE DIBELL delivered the opinion of the court.

On September 26, 1912, an agent of Henry A. Klein sold a quantity of liquor to John Mammen, who was at that time conducting a saloon at No. 113 East Third street, in the city of Sterling, Illinois. Part of this liquor consisted of a barrel of whisky, which was to be paid for in in four months. When the agent called to collect for the whisky at the expiration of the period of four months, Fred C. Stubbe was running the saloon, and upon Stubbe's refusal to pay for the whisky, Klein brought suit against him therefor before a justice of the peace and recovered a judgment, from which Stubbe appealed to the City Court of Sterling. There the cause was tried without a jury and Klein again had judgment against Stubbe, from which defendant below appeals.

It appears from the evidence that in August, 1912, prior to the sale of this whisky, John Mammen borrowed about twenty-eight hundred dollars from the Pabst Brewing Company and obtained the signature of Stubbe as surety on his note for that amount. To secure Stubbe, appellant here, in that transaction, Mammen gave a bill of sale to Stubbe of the saloon fixtures and everything connected with the business, and then, as a part of the same transaction, entered into a contract with appellant by the terms of which Mammen was to conduct the business for appellant, pay all bills and retain any balance there might be as his own profits. The saloon license was, by petition of Mammen, transferred by the city council of Sterling to Stubbe and remained in his name until February, 1913, when appellant sold the business to a third party and the license was transferred again. The evidence further shows that this bill of sale and contract were, in fact, in the nature of a chattel mortgage. Appellant never took possession of the business or chattels mentioned in the bill of sale until January, 1913, when Mammen left town and turned everything over to ap-

pellant, who then for the first time took charge of the business and conducted it until it was sold again a month later.

Appellee contends that parol evidence cannot be heard to show that the bill of sale involved herein was executed with any other intention than appeared on the face of the instrument, and the decision of the court below seems to have been based upon that theory. This may be the law applicable to actions between the parties to the instrument, but it has no application in actions between a party to the instrument and a third person. The rule excluding parol evidence to vary or contradict a written instrument has no application in controversies between a party to the instrument on the one hand and a stranger to it on the other, for the stranger, not having assented to the contract, is not bound by it and is therefore at liberty, where his rights are concerned, to show that the written instrument does not express the full and true character of the transaction; and where the stranger to the instrument is thus free to vary or contradict it by parol evidence, his adversary, although a party to the instrument, must be equally free to do so. 17 Cyc. 749. In the case at bar, appellee, not being a party to the bill of sale and contract, could have introduced oral evidence to vary or contradict those written instruments, and therefore appellant, although a party to both of said instruments, must be given the same privilege.

In this state of the proof we find Mammen owning, controlling and operating this saloon, merely subject to the incumbrance to appellant; we find the agent of appellee selling goods to Mammen, in the belief that Mammen was operating the saloon, as he was, doing business with and giving credit to Mammen and looking to Mammen alone for his pay; and we find appellee in that attitude towards Mammen until February, 1913, when his agent ascertained that appellant had come into possession of the premises and business. The fact

that appellant was so in possession of the business in February, 1913, cannot make him responsible for the debts of Mammen, contracted in September, 1912, when Mammen was operating the saloon and owned the business. There is no evidence of any fraud practiced upon appellee or his agent either by Mammen or by appellant. Under the undisputed evidence, Mammen was the owner of the saloon in September, 1912, just as appellee supposed him to be, and appellant was merely a chattel mortgagee out of possession, holding a bill of sale of certain property merely as security. The act of appellant in taking over the property and business in January, 1913, could not make him liable for the former debts of Mammen. It is entirely possible that his chattel mortgage was invalid because of his lack of possesion, and that, had appellee sued Mammen and obtained judgment against him, he could have made that judgment out of the property named and described in the bill of sale. But those questions are not raised in this proceeding.

The judgment is reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment. We find that appellant is not liable to appellee for the purchase of the merchandise for which appellee brought this suit.